# LAW OFFICES OF NOLAN KLEIN, P.A.    ATTORNEYS & COUNSELORS

**112 W. 34TH STREET, SUITE 1800**
**NEW YORK, NY 10120**
**PH: (646) 560-3230**

**633 S. ANDREWS AVE., SUITE 500**
**FORT LAUDERDALE, FL 33301**
**PH: (954) 745-0588**

www.nklegal.com

**Nolan Klein, Esq.**
**klein@nklegal.com**

September 13, 2021

**VIA ECF**
Honorable Judge Margo K. Brodie
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:    ***Ramos v. 39th St. Auto Repair, Inc, et al.***
       *EDNY Case No.: 1:21-cv-04045*

Dear Judge Brodie,

This law firm represents the Defendants in the above-captioned matter. I write today pursuant to Section 3(A) of Your Honor's Individual Practices and Rules, to request a pre-motion conference with respect to Defendants' anticipated Motion to Dismiss and/or for Summary Judgment as to Plaintiffs' Fair Labor Standards Act ("FLSA") claims.[1]

This is a case originally brought by Plaintiff, Miguel Ramos ("Ramos"), alleging that Defendants violated the FLSA and New York Labor Law ("NYLL"). Ramos alleges that he worked as a mechanic for the Defendants' auto repair shop from February 2019 through June 2021. Plaintiff alleges that Defendants failed to pay him at the appropriate overtime rates as required by the FLSA, as well as various NYLL violations.

Defendant, Bruce Fridman is the owner and principal of Defendant, 39th Street Auto, Inc. ("Auto"). *See Affidavit of Bruce Fridman, attached as Exhibit "A."* Auto is a small auto garage,

---

[1] The response to the original Complaint in this case was due on August 30, 2021. On that day, an Amended Complaint was filed. Defendants interpreted the Amended Complaint as properly filed (without leave of Court or Defendants' consent), because there was no prior amendment and no Answer had been filed, and Defendants thus calendared 14 days (September 13, 2021) to respond. On September 2, 2021, Magistrate Judge Marcia M. Henry entered a Status Conference Order, which appears to indicate the Court's view that the Amended Complaint was not properly filed absent leave or consent. After re-reviewing Rule 15, it appears that Judge Henry is absolutely correct, since the extension of time that was granted to respond to the Complaint means that the Complaint had been served more than 21 days before the Amended Complaint, and there was not yet any pending motion filed under Rule 12. Defendants have now indicated to Plaintiff that they consent to the amendment (which, in Defendants' view, is an irrelevant amendment, for the reasons set forth herein), and Defendants respectfully file the following letter within 14 days after that Amended Complaint was filed.

Letter to Honorable Margo K. Brodie
September 13, 2021
Page 2

serving local customers in Brooklyn, New York. *Id*. Auto does not provide any services to anyone outside of Brooklyn. *Id*.

Until 2021, Plaintiff Ramos worked in the garage as a mechanic. *Id*. At no time did his responsibilities include communicating with anyone other than other workers in the garage, and he certainly did not engage in or handle anything resembling interstate transport or commerce. *Id*. In 2018, Auto grossed $205,701. *See Auto's federal tax returns for 2018, 2019, and 2020, attached as Composite Exhibit "B."* In 2019, Auto grossed $165,235. *Id*. In 2020, Auto grossed $159,340. *Id*. In 2021 to date, Auto has grossed $67,831.15. *Exhibit "A."* As such, Auto has not grossed anywhere near $500,000 in any year.

On August 30, 2021, Plaintiff amended this lawsuit, adding Jose Marrero ("Marrero") as an additional claimant; like Ramos, Marrero is alleged to have been a "manual worker" at the garage. The Amended Complaint (like its predecessor) includes FLSA claims, and alleges FLSA coverage on the basis that Auto grossed more than $500,000 during the relevant time period, and that Defendants' employees handled goods in interstate commerce. *D.E. 1, ¶18*. Because these allegations are incorrect, Defendants are entitled to dismissal of the FLSA claims for lack of                subject matter jurisdiction (or, in the alternative, to summary judgment). Likewise, inasmuch as this case is at its very inception, respectfully, this Court should not retain jurisdiction over the New York state law claims.

The FLSA applies to "employees who . . . [are] engaged in commerce or in the production of goods for commerce, or [are] employed in an enterprise engaged in commerce or in the production of goods for commerce." *29 U.S.C. § 206(a)*. Here, there is clearly no individual coverage. Indeed, individual coverage is only implicated where "a substantial part of the employee's work [is] related to interstate commerce." <u>Divins v. Hazeltine Elecs. Corp.</u>, 163 F.2d 100, 103 (2d Cir. 1947)); *accord* <u>Yupa v. Country Stone & Fence Corp.</u>, 2017 U.S. Dist. LEXIS 361 at *3 (E.D.N.Y. 2017); <u>Walker v. Interfaith Nutrition Network, Inc.</u>, 2015 U.S. Dist. LEXIS 91418 (E.D.N.Y. 2015)("Plaintiffs' allegation that they 'routinely used and handled goods, equipment, and other materials, such as motor vehicles, hammers, screwdrivers, ice melt, cement, snow blowers, etc., much of which originated or was manufactured in states other than New York' . . . does not support their claim of individual coverage."); <u>Li v. Zhao</u>, 35 F. Supp.3d 300, 308 (E.D.N.Y. 2014)(plaintiff's use of vehicle manufactured in another state insufficient to establish individual coverage). There is no serious argument to be made that manual laborers in a small local auto shop could ever be subject to individual FLSA coverage, nor, to their credit, do Plaintiffs appear to make that allegation.

There is likewise no enterprise coverage in this case. Indeed, enterprise coverage requires a plaintiff to establish that the defendant business:

> (a) has employees engaged in commerce or in the production of goods for commerce, or has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; ***AND***

Letter to Honorable Margo K. Brodie
September 13, 2021
Page 3

> (b) is an enterprise whose annual gross volume of sales made
> or business done is not less than $500,000 (exclusive of
> excise taxes at the retail level that are separately stated).

*29 U.S.C. § 203(s)* (emphasis added)

Here, even assuming arguendo that Auto had employees handling or selling goods that moved through commerce, which they did not, since the company only fixes cars locally (although granted, the definition of handling goods in commerce in the Circuit is permissive), the company still never made anything appoximating $500,000 in any year.

As such, here, the inquiry ends with the gross volume of sales, which is dispositive. *See, e.g.,* Chen v. Oceanica Chinese Rest., Inc., 2016 U.S. Dist. LEXIS 46133 (E.D.N.Y 2016) ("Plaintiffs have failed to present any evidence, either in the form of sworn statements or documentation, indicating that Oceanica made at least $500,000 in gross annual sales. Therefore, Plaintiffs have not met their burden of establishing either individual or enterprise coverage under the FLSA"); Gomez v. El Rancho De Andres Carne De Tres Inc., 2014 U.S. Dist. LEXIS 45580 (E.D.N.Y. 2014) ("Under the FLSA, an "enterprise" is an entity engaged in interstate commerce and has no less than $500,000 in annual gross volume of sales").

Finally, since this case is at its extreme inception, most respectfully, this Court should not exercise supplemental jurisdiction over Plaintiff's NYLL claims. *See, e.g.,* Valencia ex rel Franco v. Lee, 316 F.3d 299, 306 (2d Cir. 2003) ("where the federal claims had been dismissed at a relatively early stage and the remaining claims involved issues of state law that were unsettled, we have concluded that the exercise of supplemental or pendent jurisdiction was an abuse of discretion").[2]

In sum, there is no legal or factual basis for Plaintiffs' FLSA claims. Defendant is entitled to dismissal with prejudice and/or to summary judgment with respect to the FLSA claims in this case, and as a corollary, to dismissal of the NYLL claims *without prejudice*. Defendants respectfully request a pre-motion conference on these issues. Thank you for your time and consideration in this matter.

Respectfully Submitted,

**Law Offices of Nolan Klein, P.A.**

By:   /s/ Nolan Klein
NOLAN K. KLEIN

NKK/amd
cc:  Joshua Levin-Epstein, Esq. (via ECF)

---

[2] Defendants recognize that there is authority for the proposition that FLSA coverage is not a jurisdictional issue; as such, in an abundance of caution, Defendants further seek leave to raise the issue pursuant to Fed. R. Civ. P. 56.